UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2007 JUN -7 A 11: 39

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| CHRISTOPHER MICHAEL BROOKS, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. |
| vs. | ) 1:07 cv 505 — MHT |
| | ) |
| JAMES DELOACH, (OR OTHER PERSON HAVING CUSTODY OF PETITIONER) | ) |
| | ) |
| AND | ) |
| | ) |
| HONORABLE TROY KING, ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) |
| | ) |
| Respondent(s). | ) |

## PETITION FOR A WRIT OF HABEAS CORPUS BY PERSON IN STATE CUSTODY

**To the Honorable United States Judge:**

Petitioner Christopher Michael Brooks ("Mr. Brooks") pled not guilty to charges of Trafficking in Methamphetamine and Unlawful Manufacture of Controlled Substance in the First Degree (methamphetamine), violations of Alabama Code (1975) §§ 13A-12-231(11) and 13A-12-218, respectively, in the Circuit Court of Houston County, Alabama on December 16, 2004. Petitioner was sentenced to 25 years imprisonment for the Trafficking in Methamphetamine conviction and ordered to pay a $50,000.00 drug trafficking fine, $1,000.00 for a Drug Demand Reduction Act Assessment, $1,000.00 for a Victim's Compensation Assessment, a $100.00 fee to the Alabama Forensic Sciences Trust Fund, and court costs. For the Unlawful Manufacture of a

1

Controlled Substance conviction, Petitioner was sentenced to 15 years imprisonment and ordered to pay a $5,000.00 fine, $1,000.00 for a Victim's Compensation Assessment, a $100.00 forensic services fee and court costs. He is currently in the custody of the State of Alabama at the Draper Prison in Elmore, Alabama. Pursuant to the United States Constitutions Title 28 United States Code, Section 2254, Mr. Brooks petitions this Court to issue a Writ of Habeas Corpus ordering his release from custody because his sentence(s) were obtained in violation of the Constitution and laws of the United States. *See 28 U.S.C. § 2254.*

### I.    JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2241(a).

2. This Court has personal jurisdiction pursuant to 28 U.S.C. § 2241(d) because Mr. Brooks's was convicted and sentenced in the Circuit Court of Houston County, Alabama.

### II.    INTRODUCTION

3. Mr. Brooks applied to this Court for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Brooks pled not guilty, was found guilty and was sentenced as follows:

    (a) Trafficking in Methamphetamine, for which he was sentenced to 25 years imprisonment and ordered to pay a $50,000.00 drug trafficking fine, $1,000.00 for a Drug Demand Reduction Act Assessment, $1,000.00 for a Victim's Compensation Assessment, a $100.00 fee to the Alabama Forensic Sciences Trust Fund, and court costs, and

    (b) Unlawful Manufacture of Controlled Substance in the First Degree (methamphetamine), for which he was sentenced to 15 years imprisonment and

ordered to pay a $5,000.00 fine, $1,000.00 for a Victim's Compensation Assessment, a $100.00 forensic services fee and court costs.

4. For all of the reasons set forth in this petition, the sentence(s) in this case are unreliable and thus in violation of the United States Constitution. Mr. Brooks's sentence(s) were imposed unfairly because of serious deficiencies in the performance of his appointed legal counsel. According to Petitioner Brooks, his legal counsel never came to the jail to consult with Petitioner, only consulted with Petitioner one short time in his legal counsel's office for approximately thirty minutes, did not return any of Petitioner's phone calls, and did not question Petitioner regarding potential witnesses to testify on Petitioner's behalf or give him any guidance as to trial conduct. Additionally, in Houston County, Alabama, appointed counsel are "contracted," and appointed lawyers are appointed to a single judge as his appointed defense lawyer. This particular lawyer had over 100 appointed cases before this judge. The inadequate representation of legal counsel denied Petitioner the opportunity for a just portrayal of the circumstances surrounding the offenses.

5. No witnesses were called in Mr. Brooks's defense throughout the trial. No documents were subpoenaed to indicate if Mr. Brooks had a possessory interest in the premises in which the offenses occurred or if he resided at the residence or if items found at the home were his.

6. The State presented insufficient or inadequate evidence to support the convictions of Trafficking in Methamphetamine and Unlawful Manufacture of Controlled Substance in the First Degree (methamphetamine) based on simple constructive possession.

### III. PRIOR PROCEEDINGS AND THE CASE PRESENTED AT MR. BROOKS'S TRIAL.

7. This petition concerns charges against Christopher Brooks, who was found guilty by a trial jury, and his subsequent sentence. Christopher Brooks petitions this court for habeas corpus relief after denial for Rehearing by the Alabama Court of Criminal Appeals and final denial of Writ of Certiorari by the Alabama Supreme Court of his sentences, of his Rule 32 relief sought, his petition for post conviction relief in which he attached to his January 7, 2005 convictions for Trafficking in Methamphetamine for which he was sentenced to 25 years imprisonment and ordered to pay a $50,000.00 drug trafficking fine, $1,000.00 for a Drug Demand Reduction Act Assessment, $1,000.00 for a Victim's Compensation Assessment, a $100.00 fee to the Alabama Forensic Sciences Trust Fund, and court costs, and Unlawful Manufacture of Controlled Substance in the First Degree (methamphetamine) for which he was sentenced to 15 years imprisonment and ordered to pay a $5,000.00 fine, $1,000.00 for a Victim's Compensation Assessment, a $100.00 forensic services fee and court costs. All sentences were to run consecutively.

Appointed counsel represented the Petitioner at the trial level, and Thomas K. Brantley of Dothan, Alabama represented Petitioner throughout the motion for new trial and appellate process. Petitioner Brooks is currently represented by J.E. Sawyer, Jr. of Enterprise, Alabama on the habeas corpus petition.

Petitioner has consistently challenged his January 7, 2005 sentences for Trafficking in Methamphetamine and Unlawful Manufacture of Controlled Substance in the First Degree (methamphetamine) through various Rule 32 petitions, all of which such relief has been denied, culminating in the denial of a petition for writ of certiorari on August 30, 2006 by the Alabama Supreme Court.

    (a) The nature of the offenses involved are as follows: for his Trafficking in Methamphetamine conviction, Mr. Brooks was sentenced to 25 years imprisonment

and ordered to pay a $50,000.00 drug trafficking fine, $1,000.00 for a Drug Demand Reduction Act Assessment, $1,000.00 for a Victim's Compensation Assessment, a $100.00 fee to the Alabama Forensic Sciences Trust Fund, and court costs; and for his conviction of Unlawful Manufacture of Controlled Substance in the First Degree (methamphetamine), Mr. Brooks was sentenced to sentenced to 15 years imprisonment and ordered to pay a $5,000.00 fine, $1,000.00 for a Victim's Compensation Assessment, a $100.00 forensic services fee and court costs.

The allegations, which are the basis of the charges against the Petitioner, involve a search at the residence of one Derek Gilmore on April 6, 2004. Petitioner was present at the residence at the time of search and was seen entering a bathroom in which he was seen breaking something into the toilet. A 25.78 gram sample of the water in the toilet (sample 1-H) tested positively for methamphetamine. However, Petitioner never had actual possession of any controlled substance nor did the State prove constructive possession with competent evidence.

(b)     The sentencing court was in Dothan, Houston County, Alabama, namely the 20th Judicial Circuit of Alabama.

(c)     The Houston County case numbers are of the cases CC-2004-837 and CC-2004-838. The Criminal Appeal case number is CR-04-0708. The Alabama Supreme Court Number is 1051397. Mr. Brooks was sentenced to 25 years imprisonment and ordered to pay a $50,000.00 drug trafficking fine, $1,000.00 for a Drug Demand Reduction Act Assessment, $1,000.00 for a Victim's Compensation Assessment, a $100.00 fee to the Alabama Forensic Sciences Trust Fund, and court costs; and also sentenced to 15 years imprisonment and ordered to pay a $5,000.00

fine, $1,000.00 for a Victim's Compensation Assessment, a $100.00 forensic services fee and court costs. Mr. Brooks was tried on all charges on December 15, 2004. The trial court was presided over by the Honorable Larry K. Anderson, Circuit Judge, 20th Judicial Circuit.

    (d)    The date of the sentencing was on January 7, 2005.

8.    Petitioner ultimately appealed from these convictions and has petitioned for Rule 32 relief from the Trial Court at the Trial Court level based both on the ineffective assistance of counsel and the insufficiency of the evidence. Said relief has been denied at the Trial Court level, at the Alabama Court of Criminal Appeals, and a writ of certiorari was denied.

9.    The names of the Court to which the Petitioner has appealed was to the:

    (a)    Alabama Court of Criminal Appeals. Petitioner filed a written notice of appeal on January 14th, 2005. The Court of Criminal Appeals affirmed the judgment of the trial court on May 19, 2006. On June 2, 2006, Petitioner filed an application for Rehearing, which was denied by the Court on June 16, 2006. Petitioner then filed a Petition for Writ of Certiorari on June 30, 2006 and was denied on August 11, 2006.

    (b)    The result at the Trial Court was totally unfavorable to the Petitioner.

    (c)    The result of the Court of Criminal Appeals was totally unfavorable for Petitioner.

    (d)    The citation or number with the Alabama Supreme Court was 1051397 and said final denial is dated August 11, 2006.

    (e)    <u>Grounds raised by the Petitioner were:</u>

        (1)    Ineffective assistance of counsel

(2) Insufficiency of the evidence

10. Petitioner filed a timely Motion to Set Aside the guilty plea(s) that he entered into on March of 2005.

11. Proper Rule 32 Petitions were filed in the Circuit Court and were defined.

12. The Rule 32 Arguments were again explored with the Alabama Court of Criminal Appeals and were denied on June 16, 2006. A petition for a writ of certiorari was filed June 30, 2006 and was denied August 11, 2006. It is from that final denial that the writ of habeas corpus is filed.

## *GROUNDS SUPPORTING THE PETITION FOR RELIEF*

**IV.  INSUFFICIENCY OF THE EVIDENCE AGAINST PETITIONER**

13. The United States Supreme Court held that relief may granted in a habeas corpus proceeding to determine the sufficiency of the evidence in finding proof of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 321-24 (1979). Without sufficient evidence to prove culpability, the Petitioner has not been afforded due process of law as required by the Fifth and Fourteenth Amendments to the United States Constitution.

14. Petitioner Brooks was found guilty of Trafficking in Methamphetamine and Unlawful Manufacture of Controlled Substance in the First Degree (methamphetamine). The State did not present any evidence of that Petitioner had actual possession of the controlled substance. Both convictions were based upon the Petitioner's constructive possession of the substance. However, the State presented insufficient evidence to prove that Petitioner had constructive possession of the substance or that Petitioner had the requisite knowledge to prove constructive possession.

15. In a comparable case, the Alabama Court of Criminal Appeals held that "[i]n order to sustain a conviction for possession of controlled substances, there must be sufficient evidence of either actual or constructive possession." *Posey v. State*, 736 So.2d 656, 658 (Ala. Crim. App. 1997) (quoting *Radke v. State*, 52 Ala.App. 397, 293 So.2d 312 (1973)). If constructive possession is at issue, "the prosecution must also prove beyond a reasonable doubt that the accused had *knowledge* of the presence of the controlled substances." *Id.* (citing *Campbell v. State*, 439 So.2d 718 (Ala.Cr.App.), rev'd on other grounds, 439 So.2d 723 (Ala.1983) (emphasis added)). Knowledge of the presence of controlled substances may be assumed if the accused has "exclusive possession, ownership, and control of the premises." *Id.* (citing *Temple v. State*, 366 So.2d 740 (Ala.Cr.App.1978)). If the defendant does not have exclusive possession of the area in question, knowledge may not be inferred unless additional facts support the inference. *Temple*, 366 So.2d at 743. Mere presence at the premises is insufficient to establish evidence of possession. *Posey*, 736 So.2d at 658.

16. As in Petitioner's case, the defendant in *Posey* did not have actual possession of the substance in question. *See id.* In *Posey*, the Alabama Court of Criminal Appeals determined that the mere presence of men's clothing, guns belonging to Posey and Posey's presence in the trailer at the time methamphetamine was found was insufficient evidence to establish constructive possession. Even though Posey was the owner of the premises, he did not live there, and other people had actual possession of controlled substances at the time of search as here.

17. The evidence presented in the Petitioner's case simply does not meet the level required to prove culpability. Because the Petitioner had no actual possession of the substance on his person, the State attempted to prove that he occupied the premises and had knowledge of the controlled substance.

18. The State did not prove with sufficient evidence that Petitioner had constructive possession of the controlled substance. The State presented no evidence to indicate that Petitioner had knowledge of the controlled substance on the premises. Additionally, the bedroom that allegedly contained items owned by the Petitioner was never ascertained to be occupied by the Petitioner nor were the items in the room ascertained to be the Petitioner's. None of the evidence was fingerprinted to determine ownership. None of the male clothing was matched to see if it fit Petitioner. The picture of the Petitioner in the room suggests that the room may have been occupied by a female friend of the Petitioner, not the Petitioner himself. All the evidence suggests in fact that Petitioner Brooks was merely a guest at the house at the time of the search and was never seen in the garage, where the majority of the controlled substances were found and where the dormant lab was found.

19. The only sample potentially attributable to Petitioner Brooks, the sample of controlled substance taken from the toilet in the bathroom of the premises, was 25.78 grams, including the contents of the toilet itself. Petitioner was not seen disposing of any controlled substance in the toilet but assumed by police officers to be disposing something. But more importantly, under Alabama Code (1975) § 13A-12-231(11), a sample must be 28 grams or more to meet the standards for Trafficking in Methamphetamine. The sample from the toilet, including the water in the toilet, does not meet this standard.

## V. PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS.

20. Appointed defense counsel and the attorney of the motion for new trial for Petitioner were ineffective in their defense of the charges against Petitioner. As a result of said counsel's lack of competent assistance, Petitioner was denied his Sixth and Fourteenth Amendment

guarantees under the federal Constitution to be competently represented by counsel in his defense. Petitioner's Fifth and Fourteenth Amendment guarantees under the federal Constitution to receive due process of the law were also violated.

21. The Sixth and Fourteenth Amendments to the United States Constitution guarantee the right to assistance of counsel in criminal trials. This guarantee ensures the right not only to assistance of counsel but to *effective* assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984); *see also Williams v. Taylor*, 529 U.S. 362 (2000). A claim of ineffective assistance of counsel must satisfy a two-prong test in demonstrating that (1) his attorney's representation "fell below an objective standard of reasonableness," and (2) he was prejudiced as a result thereof. *Strickland*, 466 U.S. at 687-88; *see also, e.g. Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*: "An ineffective assistance claim has two components: a Petitioner must show that counsel's performance was deficient and that said deficiency prejudiced the defense").

22. Deficient performance may be established by a petitioner demonstrating that the representation of counsel "'fell below an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 687). The applicable standard is measured by "'"reasonableness under prevailing professional norms,'... which is viewed in a context that is based upon a consideration of the challenged conduct as seen 'from counsel's perspective at the time.'" *Id.* at 523 (quoting *Strickland*, 466 U.S. at 688). Counsel may use personal judgment to determine appropriate defense strategy for each case, but all strategies must be objectively reasonable. *Id.* at 521. However, in Petitioner Brooks's case, the deficiencies in said counsel's performance did not arise due to a strategic defense as discussed below.

23. Prejudice is established by showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Wiggins*, 539 U.S. at 534 (quoting *Strickland*, 466 U.S. at 694). This standard requires a showing by *less than a preponderance of the evidence,* and when assessing the existence of the requisite reasonable probability, it is both appropriate and necessary to consider the aggregate harm flowing from all of counsel's individual errors rather than merely determining whether each individual error, standing alone, was prejudicial. *Strickland*, 466 U.S. at 695 ("in making this [prejudice] determination, a court hearing an ineffective claim must consider the *totality* of the evidence before the judge or jury.") *Williams*, 529 U.S. at 397 (emphasis added) (the prejudice must be determined based on the "totality" of the evidence); *see also Kyles v. Whitely*, 514 U.S. 419, 434 (1995); *Marvin v. Cain*, 246 F.3d 471, 477 (5th Cir. 2001).

24. Because the impact of counsel's deficiencies must be considered cumulatively, as well as for ease of organization, Petitioner's challenges to various aspects of trial counsel's performance, though presented individually, are all set forth as subdivisions. As a result of the cumulative deficient performance of Mr. Brook's attorney, Mr. Brooks was convicted of Trafficking in Methamphetamine and sentenced to 25 years imprisonment and ordered to pay a $50,000.00 drug trafficking fine, $1,000.00 for a Drug Demand Reduction Act Assessment, $1,000.00 for a Victim's Compensation Assessment, a $100.00 fee to the Alabama Forensic Sciences Trust Fund, and court costs; and convicted of Unlawful Manufacture of Controlled Substance in the First Degree (methamphetamine) and sentenced to 15 years imprisonment and ordered to pay a $5,000.00 fine, $1,000.00 for a Victim's Compensation Assessment, a $100.00 forensic services fee and court costs. Because said trial counsel's ineffective assistance deprived Petitioner Brooks the "opportunity to meet the case of the prosecution" in the guilt phase, *Strickland*, 466 at 684, he entered the penalty phase at a substantial disadvantage. Trial counsel's

11

representation of Mr. Brooks was ineffective and denied Mr. Brooks his rights to due process, under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. *See also Rompilla v. Beard*, 125 S.Ct. 2456 (2005); *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527 (2003); *Williams v. Taylor*, 529 U.S. 362, 371 (2000). The cumulative effect of these prejudicial errors warrants reversal of Mr. Brooks's conviction and his sentences

25.  Petitioner Brooks asserts that the guarantee of effective assistance of counsel, mandated by the Sixth and Fourteenth Amendments, cannot be satisfied by a mere formal appointment. *Avery v. Alabama*, 308 U.S. 444, 84 L.Ed. 377. According to Petitioner Brooks, he met with his appointed counsel for only thirty minutes on just one occasion. Counsel did not visit Petitioner in jail for a meeting, did not return Petitioner's phone calls, and did not respond to Petitioner to schedule any appointments. Counsel never asked Petitioner whether Petitioner had any witnesses available to testify positively on his behalf nor did Counsel call any witnesses to testify at trial. No documents were subpoenaed by trial counsel to ascertain if Petitioner occupied the premises in question.

The constitutional requirement of effective assistance of counsel is reflected to the legal profession in the various Rules of Professional Conduct adopted by the American Bar Association across the country. These standards are the minimum requirement for adequate representation of a client. The Alabama Rules of Professional Conduct, Rule 1.1, "Competence," states "A lawyer shall provide competent representation to a client. Competent requires the legal knowledge, skill thoroughness and preparation reasonably necessary, for the representation." Specifically, the Petitioner's defense counsel rendered ineffective assistance of counsel in that:

    (a)  Defense Counsel erred when he failed to thoroughly render an adequate and thorough investigation regarding the facts and circumstances

12

of the criminal case(s), in which he was appointed by the Circuit Court of Houston County, Alabama, Twentieth (20th) Judicial Circuit.

(b) Defense Counsel erred and was ineffective for failing to spend adequate time meeting with Petitioner to develop his case beyond the one meeting of approximately thirty minutes.

(c) Defense Counsel was ineffective by failing to meet with Petitioner while Petitioner was in jail, failing to return Petitioner's phone calls, and failing to respond to Petitioner to schedule any appointments.

(d) Defense Counsel rendered ineffective assistance by failing to question Petitioner about the availability of witnesses to testify positively on Petitioner's behalf and by failing to call any witnesses to testify at trial.

(e) Defense Counsel was ineffective by failing to subpoena any documents to ascertain if Petitioner occupied the premises in question.

(f) Defense Counsel was ineffective by failing to dedicate adequate time to Petitioner's case and failing to present adequate evidence that Petitioner did not have constructive possession of the controlled substance.

(g) Defense Counsel was ineffective when he failed to communicate with Petitioner and prepare throughout the proceeding(s) of the Petitioner's criminal case and his failure to do so violated the Petitioner's constitutional rights, as guaranteed and secured, under the governing provision(s) of the Sixth (6th) Amendment of the United States Constitution.

(h) The Petitioner argues that he has made an affirmative showing upon the facts in the record and the totality of the circumstances that his

appointed counsel at said hearings and in representation of him was a mere pretense, thereby, violating the constitutional requirement of effective assistance guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and the Alabama Constitution, 1901.

## VI.  CONCLUSION

26.  Petitioner Brooks asserts to this Court in his habeas corpus petition that he acknowledges that he understands that the burden of pleading under Rule 32 is a heavy one and conclusions unsupported by the facts will not support nor satisfy the requirements of Rule 32. Petitioner asserts that he was convicted under an insufficient amount of evidence and also received ineffective assistance of counsel in this matter. The evidence presented by the State did not meet the requisite standards needed to prove constructive possession because Petitioner was never shown to have any control over the substances nor was Petitioner shown to have knowledge of the substances found in the garage. Additionally, due to the totality of errors committed by the appointed trial counsel, counsel failed to provide Petitioner with effective assistance under the Sixth and Fourteenth Amendments to the United States Constitution.

## VI.  THE CUMULATIVE EFFECT OF ALL THE ABOVE LISTED ERRORS ENTITLED PETITIONER BROOKS TO HABEAS CORPUS RELIEF.

27  The cumulative effect of the errors of State law discussed in this petition have violated Mr. Brooks's federal and state rights to due process, a fair trial, and a reliable sentencing protected by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. *Kyles v. Whitley*, 514 U.S. 419 (1995). (holding that courts must consider cumulative effect of violations).

## VII.    PRAYER FOR RELIEF

28.    Wherefore, for all of the above stated reasons as well as any that may arise upon amendment of this petition and after a full evidentiary hearing, Christopher Brooks respectfully asks this Honorable Court to grant him the following relief:

(a)    Afford Petitioner an opportunity to reply to any responsive pleading filed by the Respondent;

(b)    Grant Petitioner discovery under Rule 6 of the Rules Governing the Habeas Corpus cases and a sufficient period of time to conduct discovery, and further grant Petitioner access to the Court's subpoena power to further document and prove the facts set forth in this petition;

(c)    Grant Petitioner an evidentiary hearing at which proof may be offered supporting the factual allegations set forth in this petition;

(d)    Permit Petitioner, after additional factual development, an opportunity to brief and argue the merits of the issues presented in this petition;

(e)    Issue a writ of habeas corpus granting Mr. Culver relief from his unconstitutionally obtained convictions and sentences, namely 25 years imprisonment and a $50,000.00 drug trafficking fine, $1,000.00 for a Drug Demand Reduction Act Assessment, $1,000.00 for a Victim's Compensation Assessment, a $100.00 fee to the Alabama Forensic Sciences Trust Fund, and court costs; and 15 years imprisonment and a $5,000.00 fine, $1,000.00 for a Victim's Compensation Assessment, a $100.00 forensic services fee and court costs; and

(f)    Grand such additional relief s this Court may deem just and equitable.

Respectfully Submitted,

_____
Christopher Brooks
*Petitioner*


_____
J.E. Sawyer, Jr. (SAW004)
*Attorney for Petitioner*
203 South Edwards Street
Enterprise, AL 36330
Tel. (334) 347-6447
Fax (334) 347-8217
jesawyer@roadrunner.com

## ATTORNEY'S VERIFICATION

I hereby verify that to the best of my knowledge everything contained in the foregoing petition is true and correct.

_____
J.E. Sawyer, Jr. (SAW004)
*Attorney for Petitioner*
203 South Edwards Street
Enterprise, AL 36330
Tel. (334) 347-6447
Fax (334) 347-8217
jesawyer@roadrunner.com

## CERTIFICATE OF SERVICE

      I hereby certify that on _____ day of June, 2007, I served a true and correct copy of the foregoing Petition for Writ of Habeas Corpus by a Person in State Custody on Respondent Troy Kind Attorney General of the State of Alabama by first class mail, postage pre-paid to the following address:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130

                                                                       _____
                                                                         Of Counsel