IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MICHAEL BROOKS, | ) ) ) | |
| PETITIONER, | ) ) | |
| vs. | ) ) ) | CASE NO. 1:07-CV-505-MHT |
| JAMES DELOACH, WARDEN, et al., | ) ) ) | |
| RESPONDENTS. | ) | |

**RESPONDENTS' ANSWER TO PETITION FOR
WRIT OF HABEAS CORPUS**

Come now the Respondents, by and through the Attorney General for the State of Alabama, and, pursuant to this Court's June 8, 2007 order, hereby respectfully submit this Answer to the petition for writ of habeas corpus filed by Christopher Michael Brooks challenging his Houston County Circuit Court convictions of trafficking in methamphetamine and unlawful manufacture of a controlled substance (methamphetamine), violations of Alabama Code (1975) §§ 13A-12-231 and 13A-12-218 respectively, and their resulting consecutive sentences of twenty-five years' imprisonment and fifteen years' imprisonment.

Without waiving a later Answer demonstrating that Brooks is not entitled to any relief whatsoever under the federal writ of habeas corpus from these

convictions and sentences, the Respondents respectfully submit that, at this time, Brooks's petition should be dismissed without prejudice as a "mixed petition." While Brooks's first habeas claim (challenging the sufficiency of the State's evidence) appears, on its face, to have been exhausted for purposes of federal habeas review, his second claim -- listing numerous ineffective assistance of counsel allegations regarding his trial counsel's representation -- has not been exhausted, but is still capable of presentation in a timely filed Ala.R.Crim.P. Rule 32 petition in Houston County Circuit Court. "'It is well settled that 'federal district courts must dismiss 'mixed' habeas corpus petitions-those containing both unexhausted and exhausted claims.'" Pliler v. Ford, 542 U.S. 225, 227 (2004) (citing Rose v. Lundy, 455 U.S. 509 (1982)).[1]

## PROCEDURAL BACKGROUND

### A. Brooks's convictions and sentences in Houston County Circuit Court CC-04-837, CC-04-838, and direct appeal

1. On December 16, 2004, Brooks was convicted in Houston County Circuit Court CC-04-837 and CC-04-838 of trafficking in methamphetamine and unlawful manufacture of a controlled substance (methamphetamine), violations of Alabama Code (1975) §§ 13A-12-231 and 13A-12-218 respectively, and, on January 7,

---

[1] Because of the "mixed" status of Brooks's habeas petition, only those documents demonstrating the time line of Brooks's state court convictions are produced with this Answer.

2005, the trial court sentenced him to consecutive sentences of imprisonment for twenty-five years and fifteen years on the convictions.

2.  Brooks appealed to the Alabama Court of Criminal Appeals, and, in his Appellant's Brief, submitted the following arguments against his conviction:  1) the State's evidence was insufficient to support his convictions; and, 2) his trial counsel, Eric C. Davis, Esq., rendered ineffective assistance of counsel.

3.  After initially remanding the appeal for the trial court to impose a mandatory statutory forensic sciences trust fund fee, the Alabama Court of Criminal Appeals, on May 19, 2006, affirmed Brooks's convictions by memorandum opinion in Brooks v. State, CR-04-0708 (Ala. Crim. App. May 19, 2006).  Ex. A.  The Court of Criminal Appeals held that the Brooks's convictions were supported by sufficient evidence, and that the trial court had been without jurisdiction to consider his ineffective assistance of counsel claims raised during the proceedings regarding his motion for a new trial.  Id.

4.  The Court of Criminal Appeals overruled Brooks's application for rehearing on June 16, 2006, and the Alabama Supreme Court denied Brooks's petition for a writ of certiorari and entered a certificate of judgment in Brooks's direct appeal on August 11, 2006.  Exs. B, C.  The Court of Criminal Appeals entered its certificate of judgment on the same date.  Ex. D.

**B. Brooks's post-conviction proceedings pursuant to <u>Ala.R.Crim.P.</u> <u>Rule 32</u>**

5.  Undersigned counsel's review of Houston County Circuit Court Clerk's Office records indicates that, upon information and belief, Brooks has filed no <u>Ala.R.Crim.P.</u> Rule 32 petition challenging his convictions and sentences.

**C. The instant petition for habeas corpus**

6.  In the instant petition before this Court, timely filed by Brooks's counsel on June 7, 2007, Brooks seeks a federal writ of habeas corpus on the following grounds:

> A.  The State's evidence was insufficient to support his convictions (Petition pp. 7-9);
>
> B.  Trial counsel rendered ineffective assistance of counsel on various grounds (Petition pp. 9-14).

7.  While Brooks asserts in the petition that "Proper Rule 32 Petitions were filed in the Circuit Court and were defined [sic]", and "[t]he Rule 32 Arguments were again explored with the Alabama Court of Criminal Appeals and were denied on June 16, 2006," <u>see</u> Petition p. 7, no Rule 32 petition has been filed in these cases.[2]

8.  By its June 8, 2007 order, this Court directed the Respondents to answer Brooks's petition.

---

[2] As noted above, on June 16, 2006 the Court of Criminal overruled Brooks's application for rehearing in his direct appeal.

## ARGUMENT

**BECAUSE BROOKS'S FEDERAL HABEAS PETITION PRESENTS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS, THIS COURT SHOULD DISMISS THE PETITION WITHOUT PREJUDICE AS A "MIXED PETITION."**

9. "In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." Rose v. Lundy, 455 U.S. 509, 522 (1982). "The Rose Court decided on a rule of total exhaustion; district courts should dismiss 'mixed' petitions that contain both exhausted and unexhausted claims." Walker v. Crosby, 341 F. 3d 1240, 1245 (11th Cir. 2003). "Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Jenkins v. Bullard, 210 Fed. Appx. 895, 897, 2006 WL 3635410, at *1 (11th Cir. 2006) (unpublished opinion).

10. While Brooks appears to have exhausted his challenge to the sufficiency of the State's evidence in support of his convictions in his direct appeal proceedings by raising it during his direct appeal proceedings in the Court of Criminal Appeals and the Alabama Supreme Court, he has not exhausted his ineffective assistance of trial counsel claims. Although Brooks attempted to allege various ineffective assistance of counsel claims during a hearing on his motion for a new trial, that hearing was conducted after the trial court lost jurisdiction to

dispose of the motion; as the Court of Criminal Appeals correctly held, the motion was denied by operation of law and the trial court thus possessed no jurisdiction to conduct the motion. See Ex. A, slip op. at pp. 6-8.

11. The record on appeal in Brooks's direct appeal was certified as complete on March 28, 2005, long after the thirty day period for filing his motion for a new trial had passed on February 6, 2007 (thirty days after Brooks's January 7, 2005 sentencing). See Ex. E. Under Ex parte Ingram, 675 So. 2d 863, 866 (Ala. 1996), the proper method for presenting an ineffective assistance of trial counsel claim that cannot reasonably be presented in a motion for a new trial is by timely filing a Rule 32 petition. Alabama courts have held that defendants cannot reasonably present such claims in the trial court for later review on direct appeal where the record is not certified as complete until very late in, or after, the thirty day period for filing the motion for a new trial. See, e.g., Rash v. State, CR-05-1323, 2006 WL 3123521, at *3 n.2 (Ala. Crim. App. Nov. 3, 2006) (noting that ineffective assistance claim was not precluded from review in Rule 32 petition where defendant could not have reasonably raised it in his motion for a new trial because the trial transcript was not available until "well beyond the 30-day deadline for filing a motion for a new trial"); Bass v. State, 810 So. 2d 802, 803-804 (Ala. Crim. App. 2001) (holding same; "[b]ecause the record was not completed until 29 days after Bass was sentenced, Bass could not have reasonably

presented his ineffective-assistance-of-trial-counsel claim in a motion for a new trial.")

12.  Pursuant to <u>Ala.R.Crim.P.</u> Rule 32.2 (c) (1), a defendant who appealed from his conviction to the Court of Criminal Appeals may seek post-conviction relief "within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, <u>Ala.R.App.P.</u>"  Because Brooks appealed to the Court of Criminal Appeals and that court issued its certificate of judgment in his direct appeal on August 11, 2006, the one-year period for filing a Rule 32 petition in Brooks's case concludes on Monday, August 13, 2007.[3]

13.  Accordingly, pursuant to <u>Rose v. Lundy</u> and its progeny, this Court should dismiss Brooks's habeas petition without prejudice to allow him the opportunity to exhaust his claims in state court.

---

[3] August 11, 2007 falls on a Saturday.  The last day of the one year period would thus be Monday, August 13, 2007.  <u>See</u> <u>Ala.R.Crim.P.</u> Rule 1.3 (regarding computation of time).

## CONCLUSION

For the foregoing reasons, this Court should dismiss Brooks's petition for

writ of habeas corpus without prejudice.

Respectfully submitted,

Troy King(KIN047)
Attorney General

By:


/s/Marc A. Starrett
Marc A. Starrett
Assistant Attorney General
ID #STARM1168

# EXHIBITS

Exhibit A:  Alabama Court of Criminal Appeals's May 19, 2006 memorandum opinion affirming the trial court's judgment, Brooks v. State, Alabama Court of Criminal Appeals CR-04-0478 (Ala. Crim. App. May 19, 2006)

Exhibit B:   Alabama Court of Criminal Appeals's order overruling Brooks's application for hearing, Brooks v. State, Alabama Court of Criminal Appeals CR-04-0478

Exhibit C:  Alabama Supreme Court's August 11, 2006 order and certificate of judgment denying Brooks's petition for a writ of certiorari, Alabama Supreme Court, Ex parte Brooks  (v. State), No. 1051397 (Ala. Aug. 11, 2006)

Exhibit D:  Alabama Court of Criminal Appeals's August 11, 2006 certificate of judgment, Brooks v. State, Alabama Court of Criminal Appeals CR-04-0478 (Ala. Crim. App. Aug. 11, 2006).

Exhibit E:  Certificate of completion of record on appeal, Brooks v. State, Alabama Court of Criminal Appeals CR-04-0478

## CERTIFICATE OF SERVICE

I hereby certify that on this the 27th day of June, 2007, I electronically filed

the foregoing, and I hereby certify that I have mailed by United States Postal

Service the document with all exhibits to the following non-CM/ECF participant:

> J.E. Sawyer, Jr., Esq.
> 203 South Edwards Street
> Enterprise, Alabama  36330

> /s/Marc A. Starrett
> Marc A. Starrett (STARM1168)
> Office of the Attorney General
> Alabama State House
> 11 South Union
> Montgomery, AL  36130-0152
> Telephone:  (334) 242-7300
> Fax:  (334) 242-2848
> E-Mail:  MStarrett@AGO.State.Al.US

ADDRRESS  OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300

284477

*Starrett*
*76148*

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

## State of Alabama

Judicial Building, 300 Dexter Avenue

**P. O. Box 301555**

**Montgomery, AL 36130-1555**



RELEASED

MAY 19 2006

CLERK
ALA COURT OF CRIMINAL APPEALS

**H.W."BUCKY" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges

**Lane W. Mann**
Clerk
**Gerri Robinson**
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-0708                    Houston Circuit Court CC-04-837 & -838

Christopher Michael Brooks v. State of Alabama

On Return to Remand

McMILLAN, Presiding Judge.

Christopher Michael Brooks was found guilty of trafficking in methamphetamine and unlawful manufacture of a controlled substance. The trial court sentenced him to 25 years' imprisonment for the trafficking conviction and ordered him to pay a $50,000.00 drug trafficking fine, a $1,000.00

1



EXHIBIT
A

crime victims assessment, a $1,000.00 demand reduction assessment, a $100.00 forensic sciences fee and court costs. For the manufacturing conviction, the court sentenced him to 15 years' imprisonment and ordered him to pay a $5,000.00 fine, a $1,000.00 crime victims assessment, a $100.00 forensic services fee[1] and court costs.

The State's evidence tended to show that on April 6, 2004, the Houston County Sheriff's Department conducted a consent search at the residence of Derek Gilmore.[2] Six people were present: Brooks; Andrea Sellers; Gary Starling; a 7-year old child; an elderly, bedridden woman; and the woman's caretaker. When narcotics investigator Allen Hendrickson entered the house, he saw Brooks and Sellers running toward the bathroom. He then heard something breaking. Officers forced open the bathroom door, and Hendrickson saw Brooks breaking something into the toilet. He subsequently collected a sample of the liquid in the toilet for forensic analysis. In one of the bedrooms, Henderson found two light

---

[1]This case was remanded by order for the trial court to impose the mandatory forensic services fee for the manufacturing conviction.

[2]Gilmore had been found in possession of narcotics and drug paraphernalia during a traffic stop. He gave written consent for the search of his residence, which had been the subject of an ongoing drug investigation.

bulbs that had been altered for apparent use in smoking methamphetamine. A photograph of Brooks, men's clothing that appeared to fit Brooks, a shotgun and crystals of iodine also were found in the room. After Hendrickson read Brooks his <u>Miranda</u> rights, Brooks stated that he could not pass a drug test for methamphetamine. Daleville police officer Gerald Ganous assisted in the search of the residence. In the garage, he found Gary Starling and the child, along with many items consistent with the manufacture of methamphetamine.[3] Ganous also smelled the distinctive odor that is created when methamphetamine is being manufactured. Sergeant Jackie Smith collected samples from four containers of liquid found in the garage. Hazardous waste experts subsequently disposed of the remaining liquid, which totaled approximately 20 gallons. Forensic analyst John Brunner tested the samples collected by the officers. He split each sample into two vials and tested one vial from each sample. Brunner testified that sample 1-E, the water from the toilet, weighed 28.2 grams; that samples 1-F, 1-G, and 1-H, from the garage, weighed 27.0, 25.68, and 25.78 grams, respectively; and that sample 1-I, also from the

---

[3]The items included an ice container, numerous jars, Pyrex plates, turkey basters, denatured alcohol, empty iodine bottles, muriatic acid, a pill grinder, and hot plates,

3

garage, was not tested.[4]  Methamphetamine was present in all of the tested samples; and based on the analysis, the total amount in all eight vials was approximately 180 grams. Brunner's analysis also revealed the presence of methamphetamine residue on one of the light bulbs found in the bedroom.

I.

The appellant contends that the trial court abused its discretion in denying his motion for judgment of acquittal because, he says, the State failed to prove a prima facie case with regard to either charge.  He argues that the State failed to prove that he was in constructive possession of the methamphetamine found at the residence, for the following reasons:  There was no evidence that he owned or controlled the residence, including the garage; there was no evidence that he had any knowledge that the methamphetamine was in the garage or in the toilet; the only connection between him and the illegal substances was their proximity in the residence; his fingerprints were not found on the light bulbs, and glass

---

[4]Section 13A-12-231(11), Ala. Code 1975, provides, in pertinent part, that any person who knowingly manufactures or who is in actual or constructive possession of 28 grams or more of any mixture containing methamphetamine is guilty of trafficking in methamphetamine.

from the toilet was not tested for prints; and there was no evidence linking him to the items found in the bedroom.

It is uncontested that Brooks was not in actual possession of the methamphetamine found in the residence. Therefore, the State was required to prove that he was in constructive possession of the prohibited material. In order to establish constructive possession, the State must prove "(1) [a]ctual or potential physical control, (2) intention to exercise dominion and (3) external manifestations of intent and control." Bright v. State, 673 So. 2d 851, 852 (Ala. Crim. App. 1995). The State must offer evidence of each of these elements, but direct proof is not required and constructive possession may be established by an adequate showing of the surrounding facts and circumstances. Luker v. State, 358 So. 2d 504 (Ala. Crim. App. 1978).

When constructive possession is relied on, the State must also prove beyond a reasonable doubt that the accused had knowledge of the presence of the controlled substance. Posey v. State, 736 So. 2d 656 (Ala. Crim. App. 1997). While non-exclusive possession may raise a suspicion that the accused had knowledge of the contraband, some evidence that connects the accused with the contraband is required. Temple v. State,

5

366 So. 2d 740 (Ala. Crim. 1978).  Although the kinds of
circumstances that may provide the necessary connection are
unlimited and depend on the facts of each case, they generally
have been found to include:  "(1) evidence that excludes all
other possible possessors; (2) evidence of actual possession;
(3) evidence that the defendant had substantial control over
the particular place where the contraband was found; (4)
admissions of the defendant that provide the necessary
connection, which includes both verbal admissions and conduct
that evidences a consciousness of guilt when the defendant is
confronted with the possibility that an illicit drug will be
found; (5) evidence that debris of the contraband was found on
the defendant's person or with his personal effects; (6)
evidence which shows that the defendant, at the time of
arrest, had either used the contraband very shortly before, or
was under its influence." Temple, 366 So. 2d at 743.

The State offered sufficient evidence of Brooks's
potential physical control, intention to exercise dominion and
manifestations of intent and control over the methamphetamine
found in the toilet and the garage.  Officers testified that
Brooks locked himself into the bathroom and apparently
attempted to flush part of the methamphetamine down the

6

toilet. They also testified that his comings and goings during their prior surveillance indicated that he was living in the residence, and they found methamphetamine residue, an apparent methamphetamine smoking device and a methamphetamine ingredient in the room he apparently occupied. The State also offered sufficient evidence to connect Brooks to the contraband and establish his knowledge of its presence. Officers testified that Brooks fled when they arrived; that he locked them out of the bathroom where the drug was found; that methamphetamine residue was found in the room with his photograph and what appeared to be his clothing; and that Brooks admitted that he was under the influence of methamphetamine. This evidence clearly was sufficient to prove that Brooks constructively possessed the methamphetamine found in the bedroom and in the garage.

## II.

The appellant contends that he was denied the effective assistance of counsel at trial, on several grounds. However, this contention cannot be considered because it was not preserved for review on appeal.

Brooks was sentenced on January 7, 2005. On January 14, 2005, he filed an unverified motion for new trial, on the sole

ground that "[t]he [j]udgment is contrary to the law and evidence in this case."[5]  On February 25, 2005, the trial court set Brooks's motion for a March 11, 2005, hearing.  At the hearing, Brooks presented his claims of ineffective assistance of counsel. The same day, the trial court stated, orally and in a written entry on the case action summary, that the motion for new trial was denied.  On March 18, 2005, the court issued a written order specifically addressing each of Brooks's claims and stating that the motion for new trial was denied "by operation of law."

Rule 24.4, Ala. R. Crim. P., states that no motion for new trial shall remain pending in the trial court for more than 60 days after the pronouncement of sentence, except as provided by the rule.  The rule further states that the trial court's failure to rule within the 60-day period constitutes a denial of the motion as of the sixtieth day, unless the prosecutor and the defendant or his attorney expressly consent to a continuance.  The record of the present case contains no

---

[5]The case action summary in the trafficking case contains a handwritten entry dated January 19, 2005, which states that the motion for new trial is denied.  This entry appears to be a clerical error, as it is inconsistent with the February 25, 2005, entry which sets the case for hearing; and the case action summary for the manufacturing case contains no comparable entry.

evidence of an express consent to continue by either party. Therefore, the trial court did not have jurisdiction to conduct the motion hearing on March 11, 2005, or issue its subsequent rulings on the motion. When a hearing on a motion for new trial is not continued as set forth in Rule 24.4, the trial court lacks jurisdiction to conduct the hearing or issue an order denying the motion for new trial. <u>Minor v. State</u>, 914 So. 2d 372 (Ala. Crim. App. 2004). Brooks's motion for new trial was denied by operation of law the sixtieth day after he was sentenced, and his claims of ineffective assistance of counsel were not preserved for review on appeal.

For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

Cobb, Baschab, Shaw, and Wise, JJ., concur.

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

*Starrett*
*76148*

Lane W. Mann
Clerk
Gerri Robinson
 Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

June 16, 2006

**CR-04-0708**

Christopher Michael Brooks v. State of Alabama  (Appeal from Houston  Circuit Court:
CC04-837; CC04-838)

## NOTICE

You are hereby notified that on June 16, 2006 the following action was taken in the
above referenced cause by the Court of Criminal Appeals:

Application for Rehearing Overruled.

**Lane W. Mann, Clerk
Court of Criminal Appeals**

cc: Hon. Judy Byrd, Circuit Clerk
    Thomas K. Brantley, Jr., Attorney
    Marc A. Starrett, Asst. Atty. Gen.



EXHIBIT
B

*1/6/48*
*Starrett*

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-04-0708**

Christopher Michael Brooks v. State of Alabama  (Appeal from Houston  Circuit Court:
CC04-837; CC04-838)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and
considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on May 19th
2006:

### Affirmed by Memorandum on Return to Remand.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate
Procedure, it is hereby certified that the aforesaid judgment is final.

Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 11th day of August, 2006.

**Clerk**
**Court of Criminal Appeals**
**State of Alabama**

cc: Hon. Larry K. Anderson, Circuit Judge
Hon. Judy Byrd, Circuit Clerk
Thomas K. Brantley, Jr., Attorney
Marc A. Starrett, Asst. Atty. Gen.

**EXHIBIT**

C

# IN THE SUPREME COURT OF ALABAMA

7648
Starrett



August 11, 2006

**1051397**

Ex parte Christopher Michael Brooks.  PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: Christopher Michael Brooks v. State of Alabama)   (Houston Circuit Court: CC04-837; CC04-838; Criminal Appeals : CR-04-0708).

## <u>CERTIFICATE OF JUDGMENT</u>

### <u>Writ Denied</u>

The above cause having been duly submitted, IT IS CONSIDERED AND ORDERED that the petition for writ of certiorari is denied.

HARWOOD, J. -  Nabers, C.J., and See, Stuart, and Bolin, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this 11th day of   August,   2006

*Robert G Esdale Sr*

**Clerk, Supreme Court of Alabama**



**EXHIBIT**

D

14-3 Certificate of Completion and Transmittal of Record on Appeal by Trial Clerk    323 PAGES TOTAL INCLUDING THIS PAGE

## CERTIFICATE OF COMPLETION AND TRANSMITTAL
## OF RECORD ON APPEAL BY TRIAL CLERK

CHRISTOPHER BROOKS
      Appellant

TO: The Clerk of the Court of
      Criminal Appeals of Alabama

V.

Case No. CC2004-837 & CC2004-838

State of Alabama
    Appellee

Date of Notice of Appeal 01-14-05

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling ____82____ pages of the Clerk's record, and ____239____ pages of the Court Reporter's transcript, and that one copy of each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of brie

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this ____28TH____ day of ____MARCH____ , ____2005____ .

_____Judy Bird_____
                  Circuit Clerk

_____Houston_____
                  County



EXHIBIT
E