UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER MICHAEL BROOKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| JAMES DELOACH, (OR OTHER PERSON ) | CASE NO.: 1:07-cv-00505-MHT-CSC |
| HAVING CUSTODY OF PETITIONER) ) | |
| ) | |
| AND ) | |
| ) | |
| HONORABLE TROY KING, ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Respondent(s). ) | |

## RESPONSE

COMES now Petitioner, CHRISTOPHER MICHAEL BROOKS, by and through undersigned counsel, J. E. SAWYER, JR., and in response to Respondent's Answer filed June 27, 2007, states that Petitioner has exhausted state remedies pursuant to Rule 32, *Alabama Rules of Criminal Procedure,* and 28 U.S.C § 2254(1)(b)(2). As grounds, Petitioner states as follows:

1. Petitioner Brooks was sentenced in Dothan, Houston County, Alabama, namely the 20th Judicial Circuit of Alabama on January 7, 2005 (case numbers CC-2004-837 and CC-2004-838).

2. Petitioner filed a written notice of appeal on January 14th, 2005 to the Alabama Court of Criminal Appeals, which included the issues of whether the state failed to prove a prima facie case of actual or constructive possession of methamphetamine and whether trial counsel's

assistance was ineffective. The Court of Criminal Appeals affirmed the judgment of the trial court on May 19, 2006.

3. On June 2, 2006, Petitioner filed an Application for Rehearing including the issues of whether the state failed to prove a prima facie case of actual or constructive possession of methamphetamine and whether trial counsel's assistance was ineffective. The Application for Rehearing was denied by the Court on June 16, 2006 (case number CR-04-0708).

4. Petitioner filed a Petition for Writ of Certiorari to the Supreme Court of Alabama on June 30, 2006. The Writ was denied on August 11, 2006 (Alabama Supreme Court number 1051397).

5. The issue of ineffective assistance of counsel will be thoroughly addressed in the instant habeas corpus appeal.

WHEREFORE, Petitioner has introduced both issues of whether the state failed to prove a prima facie case of actual or constructive possession of methamphetamine and whether trial counsel's assistance was ineffective in all available state courts. Although a Rule 32, *Alabama Rules of Criminal Procedure,* petition was not formally filed, Petitioner has essentially exhausted remedies pursuant to Rule 32 and 28 U.S.C § 2254(1)(b)(2) in the above-mentioned state court proceedings. For this reason, Petitioner prays for this Court to not dismiss his petition for failure to exhaust state remedies.

RESPECTFULLY SUBMITTED on this the 17th day of July, 2007.

  /s/ J.E. Sawyer, Jr._____
J. E. Sawyer, Jr. (SAW00)
*Attorney for Petitioner*
203 South Edwards Street
Enterprise, Alabama 36330
(334) 347-6447

## **CERTIFICATE OF SERVICE**

I certify that on July 17, 2007 I filed the above and foregoing electronically with the Clerk of Court using the CM/ECF system and that notice of my filing of same will be:

Electronically served on:

Honorable Troy King
Attorney General
11 South Union Street
Montgomery, AL  36130

Honorable Marc A. Starrett
Assistant Attorney General
11 South Union Street
Montgomery, AL  36130

                                                /s/ J.E. Sawyer, Jr.
                                                Of Counsel