IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER MICHAEL BROOKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No.1:07cv505-MHT |
| ) | (WO) |
| JAMES DELOACH, WARDEN, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by state inmate Christopher Michael Brooks ("Brooks") on June 7, 2007. In his petition, Brooks challenges convictions for trafficking in methamphetamine and unlawful manufacture of a controlled substance entered against him by the Circuit Court of Houston County, Alabama, on January 7, 2005. The respondents filed an answer in which they assert that the instant habeas petition should be dismissed because Brooks has failed to exhaust state remedies with respect to each of the claims raised in his petition. *Respondents' Answer* (Doc. No. 5) at 5-7. Specifically, the respondents argue that Brooks may still present his claims of ineffective assistance of trial counsel to the state courts in a post-conviction petition filed pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.[1]  *Id*.

Upon review of the respondents' answer, this court entered an order affording Brooks

---

[1] The respondents acknowledge that "Brooks appears to have exhausted his challenge to the sufficiency of the State's evidence in support of his convictions in his direct appeal by raising it during his direct appeal proceedings in the Court of Criminal of Appeals and the Alabama Supreme Court." *Respondents' Answer* (Doc. No. 5) at 5.

an opportunity to demonstrate why his petition should not be dismissed for failure to exhaust state remedies. *Order of June 8, 2007* (Doc. No. 2). In response to the order, Brooks maintains that he introduced all claims raised in his petition, including his claims of ineffective assistance of trial counsel, "in all available state courts." *Petitioner's Response* (Doc. No. 9) at 2. Brooks further maintains that "[a]lthough a Rule 32, *Alabama Rules of Criminal Procedure*, petition was not formally filed, Petitioner has essentially exhausted remedies pursuant to Rule 32 and 28 U.S.C. § 2254(1)(b)(2) in the above-mentioned state court proceedings. *Id*.

## DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State...." 28 U.S.C. § 2254(1)(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The record before this court indicates that, as the respondents argue, Brooks may still present his claims of ineffective assistance of trial counsel in the state courts through a post-conviction petition filed pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.

Although Brooks first attempted to assert claims of ineffective assistance of trial counsel during a hearing on a motion for a new trial that he filed in the trial court, that hearing was conducted after the trial court had lost jurisdiction to dispose of the motion. *See*

*Memorandum Opinion of Alabama Court of Criminal Appeals* (Doc. No. 5, Exh. A) at 7-9. When Brooks then attempted to raise the claims of ineffective assistance of trial counsel in his direct appeal, the Alabama Court of Criminal Appeals held that the claims were not preserved for review because they had not been timely and properly presented to the trial court. *Id.* The Alabama Supreme Court has held that the proper method for presenting a claim of ineffective assistance of trial counsel that cannot reasonably be presented in a motion for a new trial is through a post-conviction petition filed pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.[2]  *See Ex parte Ingram*, 675 So. 2d 863, 866 (Ala. 1996). Brooks apparently may still present his claims of ineffective assistance of trial counsel in a timely filed Rule 32 petition.[3]

Brooks has not yet exhausted his available state court remedies with respect to the claims of ineffective assistance of trial counsel raised in his habeas petition. This court does not deem it appropriate to rule on the merits of these claims for relief without first requiring that Brooks exhaust those remedies that are available to him in the state courts. *See* 28 U.S.C. § 2254(1)(b)(2). Consequently, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Brooks can pursue his available state court remedies.

---

[2]The record on appeal for Brooks's direct appeal was certified as complete after the 30-day period for filing a motion for a new trial had passed. *See Certificate of Completion and Transmittal of Record on Appeal by Trial Clerk* (Doc. No. 5, Exh. E); Rule 24.1, *Alabama Rules of Criminal Procedure*.

[3]It appears to the court that Brooks has until August 13, 2007, to file a timely ALA.R.CRIM.P. 32 petition containing his ineffective assistance of counsel claims.

# CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all state court remedies available to him. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before July 30, 2007. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc)

Done this 17th day of July, 2007.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE